## Railway Passengers' Assurance Company, appellant, v. Warner et al.

*Evidence — declarations — corroborative testimony — responsive answer — memorandum book — letter — testimony called out when available to opposing party — act affecting credit of witness.*

In an action to recover money paid upon an accidental insurance ticket to defendants as administrators, etc., of H., alleged to have been issued in pursuance of a fraudulent combination between the company's agent, the defendant W. and one L., after the death of H., the person insured. *Held,* that the declarations of the agent W. and L. were not competent against the defendants, on the ground that they were declarations of co-conspirators.

Evidence that a witness has, when not under oath, made the same statement of facts as testified to by him, while competent to sustain his testimony

when impeached, is not admissible until impeaching evidence has been introduced.

A witness examined on commission, to a cross interrogatory gave an answer not responsive to the question. *Held*, that the party putting the question was entitled to have the answer excluded.

A single entry in memorandum book was read by a witness who made it. *Held*, that the book itself was not admissible as evidence.

A letter demanding the re-payment of the money, and which was proved to have been written before the action was commenced was offered by plaintiff. The defendant thereupon conceded that a proper demand had been made, the court then excluded the letter. *Held*, properly excluded. When it is necessary to prove a demand or notice, by the introduction of a letter containing other matter, only that part of the letter which contains the demand or notice can be put in evidence.

Where a party, by a cross interrogatory, calls out the declarations of the opposite party material to the issues, and the answers are responsive to the questions, the opposing party is entitled to have such answers read, *Gellatly* v. *Lowery*, 6 Bosw. 113, explained.

A witness on direct examination, who had testified to asking a question, was asked if there was any particular reason in her mind for putting the question. The reason was not called for. *Held*, competent.

Evidence that a witness having obtained papers of value relating to the action, which he refused to give up until paid $16. *Held*, competent for the purpose of affecting the credit of his testimony.

*Geo. M. Osgoodby*, for appellant.

*Geo. F. Danforth*, for respondent.

MULLEN, P. J.

The opinion reviews the exceptions to the rulings of the court before which the action was tried on the evidence. The conclusions arrived at in the opinion are contained in the head note. It is not deemed necessary to publish the opinion.

*New trial denied.*